UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY KEENAN SHARP,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE LONG, JUDGE AT SECOND JUDICIAL CIRCUIT IN HIS INDIVIDUAL CAPACITY; BONNIE COSTAIN, DEPUTY STATE ATTORNEY IN HER INDIVIDUAL CAPACITY; JENNIFER HYNEK, DEPUTY STATE ATTORNEY; AND MICHAEL HANSON, ATTORNEY IN HIS INDIVIDUAL CAPACITY;<br><br>Defendants. | 4:19-CV-04164-LLP<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff, Anthony Keenan Sharp, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court dismissed Sharp's complaint as frivolous because his alleged violations occurred in 2016 and barred by the statute of limitations. Doc. 12. Judgment was entered in favor of the defendants and Sharp filed a motion for reconsideration. Docs. 13, 14. Sharp filed a notice of appeal and a motion for appointment of counsel. Docs. 15, 18.

**I. Motion for Reconsideration**

Sharp has not indicated what Federal Rule of Civil Procedure he is relying on. *See* Doc. 14. "The Eighth Circuit has traditionally instructed courts to consider such motions either under Rule 59 or Rule 60(b)." *Moberly v. Midcontinent Commc'n*, No. 4:08-CV-04120-KES, 2010 WL 11681663, at *1 (D.S.D. Aug. 2, 2010). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T-O.T Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.

1998) (internal punctuation and citations omitted). The Eighth Circuit has held that motions for reconsideration "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced[.]" *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) internal quotations omitted). "Such motions cannot be used to introduce new evidence, tender legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

In its screening Order, this Court held that because the alleged violations in Sharp's complaint all occurred during his state criminal jury trial which occurred on March 8-9, 2016, that his § 1983 action, filed on September 23, 2019, was barred by the statute of limitations. Doc. 12 at 5. Now, in his motion for reconsideration, Sharp argues that although his jury trial and the alleged violations occurred in 2016, he claims he not receive his transcripts from the jury trial for another year. Doc. 14 at 2. Sharp alleges that he was not aware of the alleged violations until sometime in 2017. *Id.* Sharp did not mention these alleged facts in his Complaint and further claims in his motion for reconsideration that he has frozen shoulders and has difficultly writing and typing. *Id.* at 3.

Whether tolling applies to a § 1983 claim is determined by state law. *Williams v. Pulaski Cty. Detention Facility*, 278 Fed. Appx. 695, 695 (8th Cir. 2008) ("[B]ecause federal courts borrow state limitations periods for section 1983 actions, federal courts must also borrow state tolling law."); *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir. 2007) (applying state tolling statute to section 1983 claim). Under South Dakota law, "compliance with [the] statutes of limitations is strictly required and doctrines of substantial compliance or equitable tolling are not invoked to alleviate a claimant from a loss of his right to proceed with a claim." *Dakota Truck Underwriters v. S.D. Subsequent Injury Fund*, 689 N.W.2d 196, 201 (S.D. 2004).

The doctrine of equitable tolling is recognized in South Dakota courts. "As a general rule, equitable tolling is a remedy reserved for circumstances that are 'truly beyond the control of the plaintiff." *Id.* (quoting Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir 1989)). Under South Dakota law, "[f]or the doctrine of equitable tolling to apply, three things must be shown: "(a) timely notice, (b) lack of prejudice to the defendant, and (c) reasonable and good-faith conduct on the part of the plaintiff." *Id.* at 202 (quoting *Peterson v. Hohm,* 607 N.W.2d 8, 16 (S.D. 2000)). Sharp argues he did not become aware of the alleged violations until 2017 because this is when he received his jury trial transcripts, but he does not assert facts that would reasonably fit into why equitable tolling under South Dakota law should apply to him. Because equitable tolling is a remedy that is reserved for plaintiffs who miss the deadline because of circumstances that are out of their control and because Sharp cannot use a 59(e) motion to introduce new evidence or theories that he could have offered prior to judgment, he is not entitled to relief under Rule 59(e).

Next, Rule 60(b) authorizes a court to relieve a party from a final judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with a reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Just like Rule 59(e) motions, Rule 60(b) motions cannot be used "to 'tender new legal theories' " or to reargue " 'on the merits.' " *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman*, 839 F.2d at 414) (first quoted material); *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (second quoted material). The

only potentially applicable circumstance here is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But to obtain relief under Rule 60(b)(6), a party must show that "exceptional circumstances . . . denied the moving party a full and fair opportunity to litigate his claim and . . . prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (citation omitted). Because Sharp has not asserted facts that would entitle him to relief under Rule 60(b), his motion for reconsideration, Doc. 14, is denied.

## II. Motion for Appointment of Counsel

Sharp filed a notice of appeal, Doc. 15, and now moves for appointment of counsel. Doc. 18. "This court, however, cannot appoint counsel to litigants before the Eighth Circuit Court of Appeals unless the Court of Appeals requests or directs this court to rule on the matter." *Smith v. United States Marshals*, 2016 U.S. Dist. LEXIS 172573, at *3 (D.S.D. filed Dec. 12, 2016). Thus, Sharp's motion for appointment of counsel, Doc. 18, is denied.

Accordingly, it is ORDERED:

1. That Sharp's motion for reconsideration, Doc. 14, is denied.

2. That Sharp's motion for appointment of counsel, Doc. 18, is denied.

DATED July 22, 2020.

BY THE COURT:

_____

ATTEST:
MATTHEW W. THELEN, CLERK

Lawrence L. Piersol
United States District Judge

_____